## MAGEE FURNACE COMPANY *vs.* BOSTON SOAPSTONE FURNACE COMPANY.

Suffolk.    March 12. — May 3, 1878.    COLT & MORTON, JJ., absent.

In an action on a check, it appeared that the check was given for a balance of wages supposed to be due, but which the defendant contended were not in fact due by reason of the alleged unfaithfulness of the payee to perform the services for which he was hired. The defendant contended that if the jury found that the payee had not fulfilled his contract, but had in effect broken it, they must find for the defendant, unless the services were of some value over and above the amount received by him; that their verdict must not exceed the amount thus found; and that the burden of proof was upon the plaintiff to show that the services had been of some value to the defendant. The judge instructed the jury that the burden was upon the plaintiff to show a sufficient consideration for the check; and that if the payee had broken his contract for services with the defendant, the defendant was entitled to have his damages for such breach set off against the check by way of recoupment or defence in whole or in part. *Held,* that the instruction given was substantially the same as that requested by the defendant; and that the defendant had no ground of exception

SOULE, J.  This is an action of contract by the indorsee of a check drawn by the defendant in favor of Jesse Cudworth, in payment of a balance of account claimed by him, and supposed by the defendant, to be due him for services in exhibiting goods for the defendant at the Centennial Exhibition at Philadelphia.

Cudworth was to be paid a specified sum per month. The defendant contended, and offered evidence tending to show, that he did not render the services for which he claimed payment when the check was given; that when he pretended to have been acting for the defendant, he was, in fact, working for the plaintiff; that, if he rendered any service to the defendant, he had been paid in full for it, before the check was given; and, if not, that the services were of less value, above the amount already paid him, than the amount of the check. The plaintiff admitted that it held the check for collection merely, in behalf of Cudworth, and not for value.

The defendant contended that if the jury found that Cudworth had not fulfilled his contract, but had in effect broken it, they must find for the defendant, unless the services of Cudworth were of some value over and above the amount received by him before the check was given, and that their verdict must not exceed the amount thus found; and that the burden of proof was on the plaintiff to show that the services of Cudworth had been of some value to the defendant. The court instructed the jury that the same defence was open to the defendant as would have been if the action had been brought by Cudworth; that the burden was upon the plaintiff to show a sufficient consideration for the check; that if Cudworth had broken his contract for services with the defendant, the defendant was entitled to have its damages for such breach set off against the check by way of recoupment or defence in whole or in part. To this ruling the defendant excepted.

The doctrine which the defendant contended should govern the jury in making up their verdict was substantially the same with that contained in the instructions given. The jury were told, in substance, to deduct from the value of the services, as measured by the contract price, all the damage sustained by the defendant by reason of any breach of the contract by Cudworth, and if the remainder, after such deduction, did not exceed the amount which the defendant had paid him, to return a verdict for the defendant; if it did exceed the amount already paid, to return a verdict for the plaintiff for the excess only. This is what the defendant insisted on as the correct rule; and though it was not given in the terms in which the defendant stated it, the instructions were sufficiently precise and clear to make it unreasonable to suppose that they could be misunderstood by the jury.                    *Exceptions overruled.*

*B. Dean*, for the defendant.

*A. C. Clark*, for the plaintiff.